**James H. MATLOCK, Petitioner–Appellant,**

v.

**Cole JETER, Warden, Federal Medical Center, Fort Worth, Respondent–Appellee.**

No. 04–11483.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 20, 2005.

James H. Matlock, Rochester, MN, pro se.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

James H. Matlock, a federal prisoner (# 90897–012), appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which was purportedly filed pursuant to the "savings clause" of 28 U.S.C. § 2255. He attacked his 1991 sentence for distribution of cocaine base, arguing pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that the facts underlying his "career offender" enhancement, U.S.S.G. § 4B1.1, were neither submitted to a jury nor admitted, in violation of the Sixth Amendment.

Now relying on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Matlock contends that his *Booker* claim falls within the savings clause in 28 U.S.C. § 2255. To pro-

ceed under the savings clause, the applicant must make the following three-part showing: (1) that his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court case "establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted"; and (3) precedent foreclosed this claim at the time of the petitioner's trial, appeal, or first § 2255 motion. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir.) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001)), *cert. denied*, 540 U.S. 1085, 124 S.Ct. 950, 157 L.Ed.2d 763 (2003).

Even assuming arguendo that the savings clause applies, Matlock has not stated a cognizable *Booker* claim. Determinations supporting a career-offender enhancement are questions of law, not fact, and do not implicate the Sixth Amendment. *See United States v. Guevara*, 408 F.3d 252, 261 (5th Cir.2005). "Career offender status is not a 'sentencing judge's determination of a fact other than a prior conviction.'" *Id.* (citing *Booker*, 125 S.Ct. at 747 n. 1).

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.